SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.
Maurice J. Salem appeals from a judgment that (1) dismissed his civil rights complaint and (2) affirmed a bankruptcy court order that dismissed his adversary complaint. We assume the reader’s familiarity with the factual background, district court proceedings, and relevant legal issues.
We hold:
(1) The district court correctly affirmed the bankruptcy court’s dismissal of Salem’s claim that certain defendants violated the automatic stay in bankruptcy because Salem faded to allege a cognizable injury. See 11 U.S.C. § 362(h) (providing that “[a]n individual injured by any wilful violation of a stay ... shall recover actual damages, including cost and attorney’s fees, and, in appropriate circumstances, may recover punitive damages”).
(2) To the extent Salem claims he was denied due process as a result of actions or proceedings related to the default judgment entered against him, his claims are barred by the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); see also Moccio v. New York State Office of Court Administration, 95 F.3d 195, 198 (2d Cir.1996). These actions and proceedings include but are not limited to Salem’s allegation that defendant Pároli intercepted an affidavit Salem had submitted to the state court. Salem’s claim that the New York courts’ interpretation of N.Y. CPLR § 5528 is unconstitutional also is barred by the Rooker-Feldman doctrine.
(3) All claims for damages against Acting Supreme Court Justice James D. Pagones are barred by the doctrine of judicial immunity, see Stump v. Sparkman, 435 U.S. 349, 360, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), and all claims against Justice Pagones for injunctive relief are barred by 42 U.S.C. § 1983.
(4) Salem failed to state a claim for a First Amendment violation. See Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 106 (2d Cir.2001) (requiring for a First Amendment retaliation claim that the plaintiff make non-conclusory allegations showing a causal connection between protected activities in which he engaged and an adverse action taken against him).
We have examined all of Salem’s arguments on appeal and found that they lack merit. We therefore affirm the judgment of the district court.