In re Lillie Maxine JAMES, debtor.

Lillie Maxine James, movant,

v.

Silver Ridge Condominium Association, Inc., Bender, Anderson & Barba, P.C., Ronald M. Bender and Ronald J. Barba, respondents.

Silver Ridge Condominium Association, Inc., movant,

v.

Lillie Maxine James and Robert A. Cushman, respondents.

No. 02–50543.

United States Bankruptcy Court, D. Connecticut, Bridgeport Division.

May 7, 2007.

Robert A. Cushman, Esq., Law Offices of Robert A. Cushman, L.L.C. Newington, CT, Attorney for debtor/movant/respondents.

Ronald J. Barba, Esq., Bender, Anderson & Barba, P.C., Hamden, CT, Attorney for respondents/movant.

## MEMORANDUM AND ORDER ON MOTIONS FOR SANCTIONS

ALAN H.W. SHIFF, Bankruptcy Judge.

Controversies between debtors and creditors are the standard fare of bankruptcy litigation. What sets these proceedings apart are the claims against attorneys. Courts are obligated to exercise

particular care in assessing claims for sanctions against attorneys to preserve the line between appropriate and overzealous advocacy. *Cf. Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 564–565 (2d. Cir. 1973) ("We approach our task ... conscious of our responsibility to preserve a balance, delicate though it may be, between an individual's right to his own freely chosen counsel and the need to maintain the highest ethical standards of professional responsibility") (reviewing application of ABA MODEL CODE OF PROF'L RESPONSIBILITY DR 4–101); ABA MODEL CODE OF PROF'L RESPONSIBILITY DR 7–101 [1] (1983); *see also* D. Conn. L. Civ. R. 83.2(a)(1), made applicable by local bankruptcy rule 1001–1(b) ("... this court recognizes the authority of the 'Rules of Professional Conduct,' as approved by the Judges of the Connecticut Superior Court as expressing the standards of professional conduct expected of lawyers practicing in the District of Connecticut"); *In re Arnold Peck*, 112 B.R. 485, 488 (Bankr.D.Conn.1990); CONN. RULES OF PROF'L CONDUCT 3.1 [2] (2006).

Regrettably, court resources and client money were expended unnecessarily in related proceedings in this chapter 13 case. The first is a July 21, 2005 amended motion [3] under § 362(h) [4] by which the debtor's attorney, Robert A. Cushman,[5] seeks sanctions, including punitive damages, against Silver Ridge Condominium Association, Inc. ("Silver Ridge") and its attorneys. The second is an July 22, 2005 motion under bankruptcy rule 9011 by which Silver Ridge seeks sanctions against the debtor and attorney Cushman [6]. Proceedings 1 and 2 will be addressed in this decision [7]. A third proceeding is an August 16, 2005 motion under bankruptcy rule 9011 by which the debtor seeks sanctions against Silver Ridge and its attorneys. The third proceeding will be addressed in a separate memorandum and order.

## BACKGROUND

On May 2, 2002, the debtor commenced this chapter 13 case. At that time, she

---

1. "A lawyer should represent a client zealously within the bounds of the law". ABA MODEL CODE OF PROF'L RESPONSIBILITY DR 7–101 (1983).

2. "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law". CONN. RULES OF PROF'L CONDUCT 3.1 (2006).

3. The initial § 362(h) motion, filed on January 10, 2005, did not name Silver Ridge's attorneys as respondents.

4. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which is not applicable here, redesignated § 362(h) as § 362(k). Pub.L. No. 109–8, 119 Stat. 23 (2005).

5. Attorney Cushman is sometimes named individually as the responsible actor. This de-

parture from the usual practice is appropriate because, as will be discussed further in the context of Proceeding 2, on those occasions, his actions were independent of his relationship with the debtor. *See infra*, at 266–68.

6. Because the debtor's testimony demonstrates that she completely relied upon her attorney in the filing and prosecution of the § 362(h) motion, the findings and conclusions in Proceeding 2 will be limited to attorney Cushman. *See* Tr. Vol. III, at 40, 73–75, 83–84; *see also supra*, at note 5; *infra*, at 12–15.

7. The trial on the Proceeding 1 was on June 7–9, 2006. *See* Trial Transcript "Tr." Volumes I–III. Trial on Proceeding 2 began on September 27, 2006, *see* Tr. Vol. IV, was continued to November 7, 2006, *see* Tr. Vol. V, and was completed on November 8, 2006, *see* Tr. Vol. VI. As noted in court at the beginning of Proceeding 2, the relevant record of Proceeding 1 would be considered in Proceeding 2, but the converse would not apply. Tr. Vol. IV, at 3.

owned a unit and was a member of the Board of Directors in the Silver Ridge Condominium Association in Norwalk, Connecticut. She did not list Silver Ridge as a creditor in her bankruptcy schedules, and Silver Ridge did not file a proof of claim. *See* 11 U.S.C. § 501(a). On October 24, 2002, the debtor filed an amended plan that did not include Silver Ridge[8]. Her amended plan was confirmed on that date.

The debtor was current on her monthly common charges to Silver Ridge when she filed her bankruptcy petition but "fell behind ... in December of 2003". Tr. Vol. III, at 6. Although Silver Ridge delayed taking action against the debtor in deference to her status as a board member, on or around September 20, 2004, it instituted a foreclosure action in the Connecticut Superior Court at Stamford. Tr. Vol. I, at 78; Tr. Vol. III, at 35, 36, 141. In September and October 2004, the debtor initiated two telephone conversations with Silver Ridge's attorneys to request payoff figures and inform them that she would be obtaining the funds from her 401 K plan. Tr. Vol. III, at 8–9, 54. The debtor admits that she did not mention that she had commenced this bankruptcy case during either of those conversations. *Id.* at 57.

On November 4, 2004, the state court granted Silver Ridge's motion for default for failure to plead. On November 5, 2004, Silver Ridge mailed a letter to the debtor, enclosing a copy of its motion for judgment of strict foreclosure and a certificate of appraisal. *See* debtor's Exh. 19. On November 8, 2004, the debtor sent a $3,544.35 payment to Silver Ridge's attorney in an attempt to bring her account current through October 2004. Debtor's Exh. 18. The letter accompanying the debtor's payment did not state that she had filed for

bankruptcy protection. *See* debtor's Exh. 18. According to Silver Ridge, that payment did not include a quarterly assessment due in October. *See* Tr. Vol. I, at 8–9.

Shortly after sending her payment, the debtor informed attorney Cushman of the Silver Ridge debt and its foreclosure action. Tr. Vol. III, at 20–21. She testified that she did not involve her attorney earlier because she "thought that it would be something that [she] could take care of on [her] own". Tr. Vol. III, at 8. On November 19, 2004, attorney Cushman sent a facsimile to Silver Ridge which "reminded" it that the debtor was in chapter 13 and requested a breakdown of all fees owed. Debtor's Exh. 13. Notwithstanding attorney Cushman's claim that his facsimile was a reminder of the debtor's bankruptcy, no evidence was offered to support that claim. To the contrary, the debtor testified that she did not tell anyone at Silver Ridge about her bankruptcy because she felt that it was her "personal business". Tr. Vol. III, at 41. After November 19, 2004, Silver Ridge and its attorneys "cease[d] all proceedings" related to the foreclosure, and the debtor received no further communications from Silver Ridge or its attorneys. Tr. Vol. I, at 88.

On November 22, 2004, Silver Ridge's attorneys responded to attorney Cushman's request with a facsimile which provided a breakdown and a $775.60 balance. Tr. Vol. I, at 86. That response also stated that if the balance was not paid in full, Silver Ridge would file for relief from the automatic stay. Debtor's Exh. 14. On November 30, 2004, attorney Cushman responded by facsimile that Silver Ridge violated the automatic stay by initiating the

---

**8.** The debtor's original plan was filed on May 17, 2002 and also did not mention Silver Ridge.

foreclosure action. Debtor's Exh. 15. Attorney Cushman also requested that $1,503.90 be returned to the debtor, contending that that amount was attributed to foreclosure attorneys' fees and costs which the debtor should not have paid. *Id.* On December 3, 2004, Silver Ridge withdrew the foreclosure action. Tr. Vol. I, at 119; *see also* Silver Ridge's Exh. A.

Silver Ridge's property manager testified that he informed its vice-president of the debtor's bankruptcy in late November 2004 or early December 2004. Tr. Vol. I, at 47. The information regarding the debtor's bankruptcy was collected for the next board meeting, scheduled for January 19, 2005. Tr. Vol. I, at 48–50,143. On January 27, 2005, the debtor received Silver Ridge's check for $1,503.90. Tr. Vol. I, at 104.

## DISCUSSION

### *Proceeding 1—§ 362(h)*

Section 362(h) states that "[a]n individual injured by any willful violation of [the automatic stay, *see* § 362(a),] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages". 11 U.S.C. § 362(h).

Even if Silver Ridge and /or its attorneys violated the automatic stay, as the debtor claims, that by itself would not be a basis for damages under § 362(h). That subsection does not impose damages for any violation of the automatic stay, but only those that are within its statutory definition, i.e., "deliberate" actions that are "willful". § 362(h); *see also Crysen/Montenay Energy Co. v. Esselen Assoc., Inc.,* 902 F.2d 1098, 1105 (2d Cir.1990); *Salem v. Paroli,* 260 B.R. 246, 257 (S.D.N.Y. 2001), *aff'd,* 79 Fed.Appx. 455, 456, 2003 WL 22440245 (2d Cir.2003) (applying *Crysen, supra,* 902 F.2d at 1104) ("although we

find that there was a violation of the automatic stay, we find neither willfulness nor malice in that action, and affirm [the] Judge['s] order [dismissing the adversary proceeding]"). Thus, the focus of this controversy is narrowed to whether, as *Crysen* holds, there was a "deliberate act taken [by Silver Ridge or its attorneys] in violation of a stay, which [it] kn[ew] to be in existence [that] justifies an award of actual damages". *Crysen, supra,* 902 F.2d at 1105.

Attorney Cushman argues that Silver Ridge and its attorneys should have known before he informed them on November 19, 2004 that the debtor had filed for bankruptcy protection and the automatic stay was in existence. *See* Tr. Vol. II, at 20–29. To buttress that argument, he offered the expert testimony of attorney Dennis Anderson to provide an opinion of what Silver Ridge and its attorneys should have done to be informed about the debtor before commencing a foreclosure action against her. Tr. Vol. II, at 11. Silver Ridge objected on the basis that any such testimony would be irrelevant. Tr. Vol. II, at 13. Attorney Cushman countered that the testimony was relevant because "if it's [Silver Ridge's or its attorneys'] policy and practice" not to utilize procedures which attorney Anderson would testify would be "necessary", such practice would be "a willful act" in the § 362(h) context. Tr. Vol. II, at 20, 25, 26. The court sustained Silver Ridge's objection, concluding that attorney Anderson's proffered expert testimony would be based upon a negligence standard, i.e., what a reasonably prudent attorney would do under the circumstances. As such it would be irrelevant. *See Crysen, supra,* 902 F.2d at 1105; Tr. Vol. II, at 37, 42–47.

██ Since November 19, 2004 is the first date for which there is any evidence that Silver Ridge or its attorneys had the

requisite knowledge of the debtor's bankruptcy, *see* Tr. Vol. I, at 83, 87, *see also supra,* at 5, the September 20, 2004 foreclosure action does not support a claim for damages under § 362(h).

Attorney Cushman further contends that damages are appropriate under § 362(h) [9] because, after acknowledging notice of the bankruptcy, Silver Ridge and its attorneys did not withdraw the foreclosure action for two weeks and did not immediately return the $1,503.90 attorney's fees and costs it collected during the foreclosure proceeding. However, as *Crysen* holds, a "deliberate act" is required to support an award of actual damages under § 362(h). *See Crysen, supra,* 902 F.2d at 1105.

By the statute's plain language, not withdrawing a foreclosure action for two weeks is not the same as an *"act* to obtain possession of property of the estate ...". 11 U.S.C. § 362(a)(3) (emphasis added). Similarly, temporarily not returning money which Silver Ridge received from the debtor is not the same as an *"act ...* to exercise control over [such] property ...". *Id.* Put another way, the omission of an act is not the statutory equivalent of an act and therefore is not within the penumbra

of § 362(h)'s intended purpose. That construction is bolstered by *Crysen* which, after adopting the reasoning of other circuits, concluded that only those acts taken in violation of the automatic stay that were *deliberate* were sanctionable under § 362(h). *See Crysen, supra,* 902 F.2d at 1105 ("[t]his standard encourages would-be violators to obtain declaratory judgments before seeking to vindicate their interests in violation of an automatic stay ...").

Attorney Cushman argues that in a facsimile to him after notification of the bankruptcy, Silver Ridge demanded more funds from the debtor. However, Silver Ridge's attorney convincingly testified that it did not demand any money from the debtor, it merely responded to attorney Cushman's request for the amount of its claimed fees. Tr. Vol. I, at 84–86. The facsimile response further stated that if the fees were not paid, Silver Ridge would seek relief from the automatic stay. A statement that in the future a party would seek relief from the stay under certain circumstances is not itself a violation of the stay. As such, there is no predicate for a § 362(h) sanction.

Since there were no cognizable violations of the automatic stay by Silver Ridge

---

9. The asserted predicate for the § 362(h) motion is Silver Ridge's and /or its attorneys' violation of § 362(a)(3)-(6). Those subsections provide:

(a) ... a petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities, of—

...

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a).

As discussed, *supra,* at 262, Silver Ridge's commencement of the foreclosure action, alleged to have violated § 362(a)(4), does not support an award of damages under § 362(h). Similarly, although attorney Cushman claims that § 362(a)(5) and(6) were violated, he did not present any evidence to support that claim. Moreover, since it is undisputed that the debtor was current on her common charges with Silver Ridge on May 2, 2002 when she commenced this chapter 13 case, § 362(a)(5) and (6) are inapplicable. *See* Tr. Vol. III, at 44.

or its attorneys which support an award of damages under § 362(h), there is no § 362(h) liability. It is therefore reasonable to suspect that this proceeding was drafted, commenced, and prosecuted to serve another purpose, i.e., attorney's fees [10]. That suspicion is warranted because, as discussed below, no personal injury claims have been shown to have resulted from a violation of the automatic stay [11], even if there had been § 362(h) liability.

The personal injury damages claimed by the debtor are stress, sleep disruption and attorney's fees [12], Tr. Vol. III, at 29–32, 69, but the record does not persuasively link any such symptoms to any activity on the part of Silver Ridge or its attorneys. In fact, her testimony demonstrates otherwise. For example, she testified that she suffered lack of sleep "even before [Silver Ridge's foreclosure action] happened", Tr. Vol. III, at 70, and she had been experiencing stress and lack of sleep since 2001 as a result of being in some form of collection litigation with respect to her home. Tr. Vol. III, at 71–72. As noted, she commenced this bankruptcy case on May 2, 2002, and many months passed before Silver Ridge attempted to collect on its debt.

Moreover, if Silver Ridge's alleged acts were a precipitating basis for her symptoms, the record would likely contain corroborating evidence of actual damages, such as medical, pharmaceutical, counseling, or other professional treatment, or, at the least, objective evidence [13]. *See* Tr. Vol. III, at 72, 73, 75. The only other evidence offered by the debtor was the testimony of her fiancé and sister. Tr. Vol. III, at 29–32; *see also* Tr. Vol. III, at 110–119, 121–128. Her fiancé testified that the reason for the debtor's mood change was that "every time she thought she ha[d] thing[s] cleared up, something else would arrive and so, she just ... it was ... like this [was] not going to ever end ... just go on, go on ...". Tr. Vol. III, at 122–123. The debtor's sister was equally ambiguous as to the source of the debtor's alleged symptoms: "All I know is from the past few years we have not been as, you know, carefree as we usually [are]". Tr. Vol. III, at 114, 116.

### Proceeding 2—Fed. R. Bankr.P. 9011

Proceeding 2 was brought by Silver Ridge under rule 9011(c) for sanctions against the debtor and attorney Cushman as a consequence of the commencement

10. Attorney Cushman's conduct will be discussed further in the context of the Proceeding 2 discussion. *See infra*, at 266–68.

11. A § 362(h) motion requires proof of both injury and actual damages. 11 U.S.C. § 362(h). Attorney Cushman rested without offering corroborating evidence regarding attorney's fees. Tr. III, at 128, 166. He then requested permission to admit into evidence an incomplete affidavit of attorney's fees and costs. Tr. III, at 166.

On July 8, 2005 and May 1, 2006, pretrial orders entered under which the parties were required to file and exchange lists of witnesses and exhibits. The pretrial orders further provided that "no exhibits shall be admitted into evidence unless there has been compliance with this [order]". *See* July 8,

2005 and May 1, 2006 pretrial orders, at 2. This procedure allows opposing parties an appropriate opportunity for discovery prior to the trial date.

Since attorney Cushman had not included an affidavit of attorney's fees on any of his exhibit lists so that Silver Ridge could prepare a defense, as required by the July 8, 2005 and May 1, 2006 pretrial orders, his request was denied. Tr. III, at 166–169.

12. There is no corroborating evidence to support the debtor's payment of attorney's fees, such as a written bill for services or a cancelled check(s).

13. The debtor testified that she did not see a physician in connection with her alleged stress-related symptoms. Tr. Vol. III, at 24.

and prosecution of the § 362(h) motion. Silver Ridge has the burden of "prov[ing] that [attorney Cushman] violated FED. R. BANKR.P. 9011 in filing the" § 362(h) motion. *See In re Angelo Squillante,* 259 B.R. 548, 552 (Bankr.D.Conn.2001).

Although the denial of a § 362(h) motion may be a factor in the analysis of a rule 9011(c) inquiry, it is not by itself sufficient to warrant sanctions. Motions filed and prosecuted in good faith to vindicate violations of the automatic stay are necessary to buttress that pivotal section of the bankruptcy code. The intended targets of rule 9011 sanctions are those who abuse the bankruptcy process. The distinction between appropriate and improper advocacy must be preserved.

The focus here is whether that motion crossed the line into sanctionable conduct as defined by bankruptcy rule 9011. Rule 9011(c) provides, "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision [9011](b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation" [14]. FED. R. BANKR.P. 9011(c). Rule 9011(b) provides:

. . .

(b) Representations to the court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a ... written motion ... an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims ... and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support . . .

FED. R. BANKR.P. 9011(b)(1–3) [15].

Courts are not required to determine with scientific certainty whether a respondent in the context of rule 9011(b)(1) was motivated by an improper purpose. It is sufficient if an assessment of the relevant facts and circumstances reaches that conclusion. *In re Rowena Garcia, Clyde Butler, N.E. Alliance Fed. Credit Union v. Garcia,* 260 B.R. 622, 633 (Bankr.D.Conn. 2001) ("When analyzing whether a document has been filed for improper purposes under rule 9011, 'the signer's conduct is judged objectively looking at the facts of the case, the reasonableness of the pleading and the circumstances of the filing' ") (citation omitted).

The inquiry here centers on an analysis of whether and /or to what extent there were any "actual damages" allowable under § 362(h). *See* § 362(h). If there were no consequential "actual damages" other than the attorney's fees and costs corresponding to the failed § 362(h) motion, it would be reasonable to conclude that the motion was filed for an improper

---

**14.** Silver Ridge's July 22, 2005 amended rule 9011 motion, served on attorney Cushman and the debtor, included descriptions of specific conduct which allegedly violated rule 9011.

**15.** FED. R. BANKR.P. *9011*(b)(4), provides: "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief". That subparagraph is not relevant here.

purpose. *Cf. Salem v. Paroli,* supra, at 257 ("when attorney's fees are [the] only injury from non-willful violation of stay, this should operate to discourage filing of the sanctions [362(h)] motion in the first place and require its denial if filed") (internal quotation marks, ellipsis and citations omitted). For the reasons that follow, that conclusion is warranted here.

The controversy in Proceedings 1 and 2 was initiated on November 30, 2004 when attorney Cushman accused Silver Ridge of violating the automatic stay by commencing a foreclosure action against the debtor. At that time, he requested that $1,503.90 be returned to the debtor. *See supra,* at 262. The request made no mention of or claim about any other consequences, i.e., any personal injury suffered by the debtor because of any act by Silver Ridge or its attorneys. On December 3, 2004, Silver Ridge withdrew its foreclosure action. On January 10, 2005, attorney Cushman filed a § 362(h) motion which for the first time alleged damages: "[The] [d]ebtor has suffered extreme emotional distress due to the actions of Silver Ridge". ¶ 10. On January 27, 2005, the debtor received the requested $1,503.90. Tr. Vol. I, at 104. On July 21, 2005, attorney Cushman filed the instant § 362(h) motion with the same damages claim, but this time he added Silver Ridge's attorneys as respondents. *See* ¶¶ 3, 12.

Attorney Cushman had a duty to undertake an "inquiry reasonable under the circumstances". FED. R. BANKR.P. 9011(b). As previously discussed, *supra,* at 264, the debtor did not testify that her post foreclosure symptoms were any different from those she experienced pre-foreclosure. Tr. Vol. III, at 70–72; Tr. Vol. IV, at 40, 42. Similarly, as noted, *supra* at 265, the

only other testimony of a personal injury was from the debtor's sister and fiancé which did not link their observations about the debtor to any activity by Silver Ridge or its attorneys. Had attorney Cushman fulfilled his duty to undertake a reasonable inquiry, as required by rule 9011, he would have known that he would not be able to offer any testimony or documents that would link any of his allegations of personal injuries to his allegations against Silver Ridge or its attorneys in his § 362(h) motion.

It is also noteworthy that the § 362(h) motion does not claim damages for the economic loss of the use of $1,503.90 for 58 days (November 30, 2004—January 27, 2005), and the record does not disclose any calculation for any such damages. Further, there is no evidence that the delay caused the debtor any of the alleged personal injuries. In fact, she said otherwise. She testified that due to her experience as a Silver Ridge board member, she knew the treasurer had to sign checks for Silver Ridge. Tr. Vol. III, at 63. She also knew that the board never meets in December, in fact, she helped plan and attended the holiday party, which occurs in lieu of December's board meeting. Tr. Vol. III, at 64–66. When asked if she found it to be unreasonable for the board to take until January to discuss the issue of the return of her $1,503.90, she replied "[n]o, I wouldn't find it to be unreasonable". Tr. Vol. III, at 67.

All that remains of the debtor's allegations of actual damages is Attorney Cushman's claim for his fee and expenses. He claims that he billed the debtor $2,403.50 for his efforts to obtain the return of $1,503.90 [16]. *See* Silver Ridge Exh. C, at

**16.** As noted, *supra,* at 261–62, on November 8, 2004, the debtor sent Silver Ridge's attorneys $3,544.35. On November 30, 2004, at-

torney Cushman alleged that $1,503.90 of this $3,544.35 was collected by Silver Ridge's attorneys during foreclosure, and demanded its

15–16. But, as noted, that money had been returned to the debtor approximately six months before he filed the § 362(h) motion[17]. Further, attorney's fees under § 362(h) are not granted in a vacuum. They must qualify as "actual damages", i.e., those linked to actual damages that were a consequence of a willful violation of the automatic stay which Silver Ridge and/or its attorneys knew to be in existence. See § 362(h). It is therefore apparent that attorney Cushman knew[18] he did not have evidence to support a claim for actual damages and that he filed and prosecuted the § 362(h) motion for the improper purpose of garnering an attorney's fee.

The debtor's additional testimony buttresses those conclusions. She stated that she could not answer whether or not she was asking the court for the return of the $3,544.35, which the debtor described as "the money that [she] paid [to Silver Ridge]" for her common charges. Tr. Vol. III, at 76–78. When asked about why factual information was in her motion for damages for which she admittedly did not "have a basis," she replied "I rel[ied] upon my attorney knowing whether or not that information was correct". Tr. Vol. III, at 83–84.

The debtor further testified that she knew that at the time the § 362(h) motion was filed, Silver Ridge's attorneys had brought a civil action against attorney Cushman in connection with his personal condominium. Tr. Vol. IV, at 65–66. That unchallenged evidence of animus by attorney Cushman against Silver Ridge's attorneys cannot be ignored as an additional improper purpose for the § 362(h) motion. See supra, at 266–67.

In order to determine that attorney Cushman violated rule 9011(b)(2), the court must "find that [he] has [advocated a position] that has no chance of success under existing precedents and that fails to advance a 'reasonable argument to extend, modify or reverse the law as it stands'". In re Cohoes, supra, 931 F.2d at 227 (quoting Mareno v. Rowe, 910 F.2d 1043, 1047 (2d. Cir.1990), cert. denied, 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991)).

At the March 24, 2005 hearing on the § 362(h) motion, attorney Cushman acknowledged that after November 19, 2004, when he notified Silver Ridge of the debtor's bankruptcy, neither Silver Ridge nor its attorneys collected any further money from the debtor on her debt. Silver Ridge's Exh. C, at 11. At that time, the court directed attorney Cushman's attention to the fact that Silver Ridge's actions must have been taken with actual knowledge of the automatic stay in order to support an award for actual damages. Silver Ridge's Exh. C, at 5–7, 9, 11, 23, 25; see also Crysen, supra, 902 F.2d at 1105. Nevertheless, in violation of rule 9011(b)(2), attorney Cushman continued to argue that actions taken by Silver Ridge or its attorneys without actual knowledge of the automatic stay support an award of damages under § 362(h). See id., at 16–18, 24.

Silver Ridge presented evidence that attorney Cushman asserted allegations and other factual contentions that were without evidentiary support in violation of rule 9011(b)(3). For example, despite the fact

---

return. On January 27, 2005, the debtor received Silver Ridge's check for $1,503.90. Tr. Vol. I, at 104; see also debtor's Exhs. 4, 16.

**17.** Attorney Cushman's amended motion superseded the original motion. Cf. Crysen, su-

pra, 226 F.3d at 162. ("It is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (citation omitted).

**18.** Or he should have known, as required by rule 9011(b).

that there was no evidence to tie Silver Ridge's attorneys to its conduct other than as its agents, the § 362(h) motion named those attorneys as parties. Tr. Vol. IV, at 50. Moreover, as noted below, the motion alleged a misstatement that the debtor never received a demand letter. Tr. Vol. IV, at 7.

The debtor testified that in advocating the merits of the § 362(h) motion at the March 24, 2005 hearing, attorney Cushman did not tell the truth when he told the court that Silver Ridge was trying to collect another $1,500 from her after it received notice of the bankruptcy, and when he affirmed to the court the allegation in the § 362(h) motion that the debtor never received a demand letter. Tr. Vol. IV, at 7, 17–18; *see also* Tr. Vol. III, at 48–49. During cross examination by Silver Ridge's attorney, the debtor was asked: "so [attorney Cushman's] statement in open court to this Judge [that Silver Ridge attempted to collect more money after notification] was not true, was it"? Tr. Vol. IV, at 17–18. The debtor answered: ". . . no, that statement [wa]s not". *Id.* The testimony also included the following. Silver Ridge's attorney: "So, it wasn't [an] *additional* [$]1,500, [that Silver Ridge at-

tempted to collect] was it"? Debtor: "No". Silver Ridge's attorney: "And [the attempt to collect] wasn't after notice, was it?" Debtor: "No". *Id.* at 18–19. Had attorney Cushman undertaken a proper inquiry, he would have discovered the lack of foundation for his assertions. *See* Tr. Vol. III, at 83–84; Tr. Vol. IV, at 50, 57–58.

## CONCLUSION

The court may award sanctions in the form of "directives of a nonmonetary nature, an order to pay a penalty into court, or if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses [19] incurred as a direct result of the violation". *See* FED. R. BANKR.P. 9011(c)(2) [20].

FOR THE FOREGOING REASONS, IT IS ORDERED that the debtor's motion under 11 U.S.C. § 362(h) in Proceeding 1 is denied; and,

IT IS FURTHER ORDERED that Silver Ridge's motion in Proceeding 2 under

**19.** Although Silver Ridge's property manager testified that it expended $45,600.00 in attorneys' fees defending claims asserted by the debtor, contemporaneous time and expense records were not available for submission before the deadline imposed by the pretrial orders. Tr. Vol. V, at 12–17. Hence, they were not submitted into evidence at that time.

**20.** Rule 9011(c) provides, in relevant part: (1) How initiated.

(A) By Motion. . . . If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion . . .

. . .

(2) Nature of sanction; limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter

repetition of such conduct or comparable conduct by others similarly situated . . . the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2) . . .

. . .

(3) *Order.* When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed. FED. R. BANKR.P. 9011(c).

FED. R. BANKR.P. 9011 is granted as to the liability of attorney Cushman; and,

IT IS FURTHER ORDERED that, consistent with this order, no later than June 4, 2007, Silver Ridge shall file any request for an award of attorneys' fees and expenses it *actually incurred*, which shall include an itemized statement of relevant services rendered, cancelled checks, if any, and the lodestar information for each attorney with billing entries [21]. A copy of all bills for services and expenses shall be attached to the itemized statement. Attorney Cushman shall file any response no later than June 18, 2007.

---

21. *See Sands v. Runyon*, 28 F.3d 1323, 1333 (2d Cir.1994); *see also In re Peter J. Gould; Prologis Six Rivers Ltd. P'ship v. Gould*, 363 B.R. 45, 53–54 (Bankr.D.Conn. 2007).